*Dyer Coriat et al. v. United States of America*
**(11th Cir. – No. 23-11648-H)**

**C-1 of 2**

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, counsel for the United States hereby certify that, to the best of their knowledge, information, and belief, the following persons and entities have an interest in the outcome of this appeal:

- Avetta, Julie C., Attorney, Appellate Section, Tax Division, United States Department of Justice

- Dyer Coriat, Piero Martin, Petitioner-Appellant

- Dyer Coriat, Samuel Barnaby, Petitioner-Appellant

- Dyer Coriat, Sheyla, Petitioner-Appellant

- Ellisen, Bruce, Attorney, Appellate Section, Tax Division, United States Department of Justice

- Goodman, Hon. Jonathan, Magistrate Judge, United States District Court, Southern District of Florida

- Hubbert, David A., Deputy Assistant Attorney General, Tax Division, United States Department of Justice

16122571.2

*Dyer Coriat et al. v. United States of America*
**(11th Cir. – No. 23-11648-H)**

## C-2 of 2

Kainen, Dennis G., Weisberg Kainen Mark, P.C., Counsel for Petitioners-Appellants

Lapointe, Markenzy, United States Attorney for the Southern District of Florida

Merino, Christopher, Trial Attorney, Tax Division, United States Department of Justice

Scola, Hon. Robert N., Judge, United States District Court, Southern District of Florida

Weisberg, Quinton L., Weisberg Kainen Mark, P.C., Counsel for Petitioners-Appellants

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| SAMUEL BARNABY DYER CORIAT, et al., )<br>)<br>Petitioners-Appellants )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, et al., )<br>)<br>Respondents-Appellees )<br>_____ ) | No. 23-11648-H |

**APPELLEE'S OPPOSITION TO APPELLANTS' MOTION FOR STAY PENDING APPEAL**

The United States, appellee herein, hereby opposes the July 10, 2023 motion of appellants Samuel Barnaby Dyer Coriat, Piero Dyer Coriat, and Sheyla Dyer Coriat for a stay pending appeal of the District Court's order dismissing their petitions to quash three IRS summonses. Appellants, three siblings who are citizens of Peru, seek to halt the release of documents from two U.S. banks to the Peruvian national taxing authority ("SUNAT") pursuant to IRS summonses requested by the Government of Peru. The District Court dismissed their petitions to

quash these summonses (Doc. 29; Mot. Ex. C), and thereafter denied their motion for a stay pending appeal (Doc. 35; Mot. Ex. F). [1]

As the District Court correctly concluded, appellants here do not meet the requirements for a stay. They cannot demonstrate a likelihood of success on appeal or irreparable harm to them if the summonsed information is released to the requestor. Nor can they show that substantial harm would not result to other interested persons or the public interest if the IRS summonses were not honored. Accordingly, this Court should deny appellants' motion.

## BACKGROUND

Pursuant to a competent authority request by the Government of Peru under the U.S.-Peru tax treaty[2], the Internal Revenue Service (IRS) issued summonses to Wells Fargo Bank N.A. (Wells Fargo) and

---

[1] "Doc." refers to items on the docket as numbered by the Clerk of the U.S. District Court in the proceeding below, S. D. Fla. Case No. 1:22-cv-22788. Exhibits to the appellants' motion in this Court are identified in alphabetical order.

[2] The treaty's formal name is the "Agreement Between the Government of the Republic of Peru and the Government of the United States of America for the Exchange of Tax Information (1990)." (Doc. 18-1.)

Truist Bank (Truist) for bank records from 2014-2016 pertaining to the accounts of appellants Samuel Barnaby Dyer Coriat, Sheyla Dyer Coriat, and Piero Martin Dyer Coriat. (Doc. 25-1; Mot. Ex. B at 20-43.) The Dyer Coriat siblings filed petitions to quash the IRS summonses on the grounds that the Peruvian government was seeking the information in bad faith. (*See* Doc. 22; Mot. Ex. A at 4.) The District Court consolidated the siblings' petitions and, over their objection, adopted the report and recommendations of Magistrate Judge Goodman that the petitions be dismissed. (Doc. 29; Mot. Ex. C.)

Judge Goodman's recommendations noted that no evidentiary hearing was necessary, since the siblings had "conceded that the IRS has sufficiently established a *prima facie* case for the enforcement of the summonses" and the inquiry they urged into the good faith of the foreign requestor "is not a discretionary decision—it is an inquiry which [the District] Court is prohibited from making." (Doc. 22; Mot. Ex. A at 8.)

In their objection to the magistrate judge's report and recommendations, the siblings argued for the first time that the IRS summonses were overbroad. (Doc. 25; Mot. Ex. B at 13-16.) The

-3-

16122571.2

District Court held that the siblings had failed to preserve this argument by neglecting to raise it before the magistrate judge, and that in any event, they lacked standing to challenge the scope of a summons served on a third party. (Doc. 29; Mot. Ex. C at 45.) Because the siblings had raised no other meritorious challenge to the magistrate judge's report, the District Court adopted his recommendation and ordered that the siblings' petitions to quash the IRS summonses be dismissed. (Doc. 29; Mot. Ex. C at 46.)

The siblings timely appealed the judgment of the District Court to this Court. (Doc. 30; Mot. Ex. D.) They also sought a stay pending appeal of the District Court's judgment (Doc. 31; Mot. Ex. E), which that court denied on June 2, 2023. (Doc. 35; Mot. Ex. F.) The siblings now ask this Court to stay the District Court's judgment while their appeal is pending. Because they do not meet the criteria for the relief they seek, their motion should be denied.

16122571.2

## ARGUMENT

### Appellants' motion for a stay pending appeal should be denied, because they have not met the standards for a stay

"A stay is an intrusion into the ordinary processes of administration and judicial review . . . and accordingly is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 427 (2009) (internal quotation marks and citations omitted). The parties and the public, while entitled to both careful review and a meaningful decision, are also generally entitled to the prompt execution of orders. *Id*. Under Fed. R. App. P. 8(a), the factors to be considered in determining whether a stay pending appeal should be granted are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 426; *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

Because a stay pending appeal is an "extraordinary and drastic remedy," this Court may not grant such relief "unless the movant

16122571.2

clearly established the burden of persuasion as to each of the four prerequisites." *State of Fla. v. Dep't of Health & Hum. Servs.*, 19 F.4th 1271, 1279 (11th Cir. 2021), quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc). The first and second factors "are the most critical." *Id.,* quoting *Nken*, 556 U.S. at 434. Where, as here, the United States is a party to the litigation, the third and fourth factors "merge" and are considered together. *Nken*, 556 U.S. at 435.

The burden of meeting this standard is "a heavy one," and stays on appeal are granted only sparingly. *See* 11 Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2904 (2009). No stay should be granted here, because appellants have not satisfied any of the four requirements for obtaining a stay pending appeal.

### 1. Appellants are unlikely to prevail on appeal

Appellants have not demonstrated any likelihood of success on this appeal. Their motion alleges no error in the legal conclusions underlying the District Court's order dismissing their petitions to quash the summonses. They contend only that the summonses were overbroad, because the summonses apparently requested a more complete set of bank records than those indicated on the initial requests

-6-

16122571.2

from SUNAT. (Mot. 4.) But as the District Court concluded, appellants did not raise this argument before the magistrate judge, and the court was not required to consider it. (Doc. 29, Mot. Ex. C at 45.) *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge).

Moreover, this argument is not likely to succeed on the merits. A summons is not overbroad simply because it seeks additional information that the IRS believes is relevant to a treaty request. Rather, a "summons is overbroad if it does not advise the summoned party what is required of him with sufficient specificity to permit him to respond adequately to the summons." *United States v. Medlin*, 986 F.2d 463, 467 (11th Cir. 1993) (internal quotation omitted). Appellants have not indicated that the summonses here were in any way unclear in the information sought. Their claim fails on this basis as well.

At all events, as the District Court correctly held, appellants "lack[ed] standing to object to any purported overbreadth in the summonses," because the summonses were "directed to third parties— specifically, the banks holding the Petitioners' accounts—not to the

16122571.2

Petitioners themselves." (Doc. 29, Mot. Ex. C at 45.) *See* S. Rep. No. 938, 94th Cong. 2d Sess. 370–71 (1976), *reprinted in* 1976 U.S.C.C.A.N. 2897, 3800 (a taxpayer entitled to notice of IRS third-party summons will "not be permitted to assert as defenses to enforcement issues which only affect the interests of the third-party record keeper".) Appellants complain that this standing requirement is "unjust" and exposes them to invasions of privacy, but do not dispute that the requirement applies to them, nor that they fail to meet it. (Mot. 4.) In any event, privacy concerns do not impede the enforcement of an IRS third-party summons: as this Court has held, "a party lacks a reasonable expectation of privacy under the Fourth Amendment in information 'revealed to a third party and conveyed by [that third party] to Government authorities, even if the information is revealed on the assumption that it will be used only for a limited purpose and the confidence placed in the third party will not be betrayed.'" *Presley v. United States*, 895 F.3d 1284, 1291 (11th Cir. 2018), quoting *United States v. Miller*, 425 U.S. 435, 443 (1976). For this same reason, appellants' claim of potential "irreparable harm to [their] privacy interests" (Mot. 6) must fail.

Nor does appellants' claim of unfairness reveal any error by the District Court that would affect their likelihood of success overall in this appeal. This Court will not reverse an order enforcing an IRS summons unless it is clearly erroneous. *Presley*, 895 F.3d at 1288. Where, as here, the good faith of the United States has been established, it is settled law that there is no further burden on the Government to establish the good faith of the foreign requestor of an IRS summons. *United States v. Stuart*, 489 U.S. 353, 370 (1989); *Mazurek v. United States*, 271 F.3d 226, 235 (5th Cir. 2001); *Lidas, Inc. v. United States*, 238 F.3d 1076, 1082 (9th Cir. 2001); *see also Zhang v. United States*, No. 21-17093, 2022 WL 14010799, at *1 (9th Cir. Oct. 24, 2022); *Puri v. United States*, No. 21-55132, 2022 WL 3585664, at *1 (9th Cir. Aug. 22, 2022); *Villarreal v. United States*, 524 F. App'x 419, 423 (10th Cir. 2013). Appellants seek to hold the United States to a novel legal standard that the courts have consistently rejected. The District Court correctly applied the law here, and appellants have given this Court no basis to believe that their appeal will succeed on the merits.

## 2. Appellants have not demonstrated irreparable harm

Appellants have not met their burden to demonstrate that the prompt execution of the United States' treaty obligations will irreparably harm them. Their assertion of an alleged risk of "irreparable harm to [their] privacy interests" (Mot. 6) fails under the law of this Circuit, as explained above at p. 8.

Appellants also assert that, without a stay, their banking records will be disclosed to SUNAT, and "the court would likely be unable to retrieve the records from Peru or prevent the Peruvian authorities from using the information." (Mot. 5.) This outcome is far from a foregone conclusion. As a district court presented with this precise question has observed, "comity and [the requesting country's] obligations under the [tax information exchange] treaty suggest that, at the very least, the United States would request that the [requesting country's] government destroy or return the records." *Villarreal v. United States*, No. 2:11-CV-1594 JCM GWF, 2013 WL 3200084, at *5 (D. Nev. June 21, 2013). "As a treaty partner, it would be expected that [the requesting country] would comply with the judicial and executive requests of the United States and either return or destroy the information." *Id.*

-10-

Here, as in *Villarreal*, section 4.6 of the U.S.-Peru tax treaty "impose[s] on a Contracting State the obligation to use all legal means and its best efforts to execute a request." (Doc. 18-1 at 6.) Consequently, this Court can reasonably infer that, should the United States be ordered to retrieve disclosed records from Peru, SUNAT would honor the IRS's request under the applicable treaty and the principles of international comity. And even were this Court to sympathize with their claims of anticipated harm from potential abuse of the summonsed information, appellants still would not be entitled to a stay pending appeal without also demonstrating a likelihood of success on the merits. "A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken*, 556 U.S. at 434 (internal quotation omitted). Having failed to make such a showing, appellants' motion cannot succeed.

### 3. Appellants have not established that no substantial harm would result to other interested persons or the public interest

Moreover, appellants have not fulfilled the third and fourth criteria for granting a discretionary stay, *i.e.,* that issuance of a stay will result in no substantial harm to other interested persons or to the

16122571.2

public interest. Since the Government is a party to this proceeding, the third and fourth criteria for granting a stay merge into one. *See Nken*, 556 U.S. at 435. In this instance, the public interest in the efficient and even-handed administration of the United States' revenue laws and treaty obligations would not be served by a stay.

The challenged summonses in this case were issued on August 22, 2022, nearly a year ago. (Doc. 25-1, Mot. Ex. A at 20-43.) If this Court were to grant an open-ended stay for the duration of this appeal, it would further protract a proceeding that is meant "to be summary in nature." *United States v. Clarke*, 573 U.S. 248, 254 (2014) (internal quotation omitted). Moreover, in a treaty summons case such as this one, further unnecessary delay undermines the ability of the United States to timely meet its "best efforts" obligation under the treaty to execute requests. (Doc. 18-1 at 6.) This would frustrate one of the major purposes for which the United States and Peru entered into their tax information exchange agreement.

Under Article 4.1 of the U.S.-Peru tax treaty, the Peruvian and United States Competent Authorities, SUNAT and IRS respectively, are charged with the duty to carry out exchanges of information between

16122571.2

the two countries. (Doc. 18-1 at 4.) Just as delay in a domestic tax investigation causes substantial harm to United States tax authorities, further delay here will prejudice the Peruvian government's ability to determine the Dyer Coriat siblings' correct tax liabilities under Peruvian law.

The public's interest in thorough and prompt enforcement of the revenue laws thus weighs heavily against granting a stay. For this reason, and because appellants have failed to demonstrate either irreparable harm or any likelihood of success in this Court, they are not entitled to a stay pending appeal.

-13-

## CONCLUSION

For the foregoing reasons, appellants' motion for a stay pending appeal should be denied.

                        Respectfully submitted,

                        DAVID A. HUBBERT
                         *Deputy Assistant Attorney General*

                        /s/ Julie Ciamporcero Avetta

                        BRUCE R. ELLISEN       (202) 514-2929
                        JULIE CIAMPORCERO AVETTA  (202) 616-2743
                          *Attorneys*
                          *Tax Division*
                          *Department of Justice*
                          *Post Office Box 502*
                          *Washington, D.C. 20044*
                          Fax: (202) 514-8456
                          Email: Appellate.taxcivil@usdoj.gov

*Of Counsel*:

MARKENZY LAPOINTE
  *United States Attorney*

JULY 2023

16122571.2

# CERTIFICATE OF COMPLIANCE

## With Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

Check the appropriate box in section 1, and check the box in section 2.

**1. Type-Volume**

[X]  This document complies with the word limit of FRAP 32(a)(7)(B) because, excluding the parts of the document exempted by FRAP 32(f), this document contains 2,339 words.

**or**

[ ]  This brief complies with the line limit of FRAP ____ because, excluding the parts of the brief exempted by FRAP 32(f) and ____, this brief uses a monospaced typeface and contains ____ lines of text.

**2. Typeface and Type-Style**

[X]  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6).

(s)     Julie Ciamporcero Avetta

Attorney for   United States of America

Dated:      July 18, 2023

## CERTIFICATE OF SERVICE

I hereby certify that, on July 18, 2023, I electronically filed the foregoing opposition with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system. All participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

    /s/ Julie Ciamporcero Avetta
JULIE CIAMPORCERO AVETTA

16122571.2